UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

-vs-                                             Case No. 5:03-cv-436-Oc-10GRJ

EDDIE RAY KAHN, et al.,

        Defendants.
_____/

## PERMANENT INJUNCTION AGAINST MILTON H. BAXLEY II

On December 8, 2003, the United States filed its Complaint (Doc. 1) seeking a permanent injunction pursuant to 26 U.S.C. § § 7402(a) and 7408 against each of the Defendants in this case, including Milton H. Baxley, II, prohibiting a variety of activities allegedly being carried on by them in frustration of the Internal Revenue Service in its enforcement of the Internal Revenue Code. Pursuant to an application by the United States, and following a hearing in open court, on December 29, 2003 the Court entered an order of preliminary injunction against each of the Defendants in this case enjoining them from, among other things, "directly or indirectly . . . preparing or assisting in the preparation of correspondence to the IRS on behalf of any person or entity." (Doc. 29).

Following an extensive discovery period, and the entry of default judgment against all Defendants other than Baxley, a bench trial was held on December 13, 2005 (Doc. 186). The Court permitted the parties to file post-trial briefs concerning whether and to what extent a permanent injunction should be ordered, (Docs. 191, 193), and the case is now

ripe for resolution.  For the reasons set forth below, the Court concludes that the preliminary injunction should be converted into a permanent injunction and that the United States' motion for sanctions (Doc. 182) should be denied as moot.

Rule 65(d) of the Federal Rules of Civil Procedure requires that "[e]very order granting an injunction . . . shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action . . . ."  In the present case, the United States is seeking a permanent injunction against Baxley pursuant to 26 U.S.C. § 7402.  In assessing whether permanent injunctive relief is warranted under this statute, the Court must determine whether the United States has satisfied the following three criteria: (1) Baxley has interfered with the administration and/or enforcement of the internal revenue laws; (2) a continuing irreparable injury to the United States in the absence of an injunction; and (3) lack of an adequate remedy at law. Keener v. Convergys Corp., 342 F.3d 1264, 1269 (11th Cir. 2003); Newman v. State of Alabama, 683 F.2d 1312, 1319 (11th Cir. 1982).  See also United States v. Ernst & Whinney, 735 F.2d 1296, 1301 (11th Cir. 1984) ("the decision to issue an injunction under § 7402(a) is governed by the traditional factors shaping the district court's use of the equitable remedy.").

The United States also seeks a permanent injunction pursuant to 26 U.S.C. § 7408, which provides the United States with the authority to seek injunctive relief to enjoin a person from engaging in certain types of specified conduct.  26 U.S.C. § 7408(a), (c).  The

Court may enter a permanent injunction under § 7408(a) if it finds that: (1) Baxley has engaged in any conduct subject to penalty under either 26 U.S.C. §§ 6700 or 6701;[1] and (2) injunctive relief is appropriate to prevent recurrence of such conduct. United States v. Kaun, 827 F.2d 1144 (7th Cir. 1987).

## Findings of Fact

Based on the evidence and testimony received at trial, the Court finds that Baxley, who is an attorney admitted to practice law in the State of Florida, permitted the American Rights Litigators and Guiding Light of God Ministries ("ARL") to use his signature on various notices, FOIA requests, and letters to the Internal Revenue Service ("IRS") between August 2000 and October 2003 on behalf of ARL members. During this time Baxley also allowed ARL to use his signature on numerous powers of attorney documents for various ARL members, and represented ARL members at summons appearances and IRS meetings. Baxley received compensation from ARL in the amount of $95,000 in exchange for the use of his signature and other services.

---

[1] Section 6700 penalizes any person who organizes or participates in the sale of a plan or arrangement and, in connection with the organization or sale, makes or furnishes a statement regarding any tax benefit, deduction, exclusion or credit that the person knows or has reason to know is false or fraudulent as to any material matter. 26 U.S.C. § 6700(a). Section 6701 penalizes any person who prepares, advises or assists in the preparation of a document that he has reason to believe will be used in connection with any material matter arising under the internal revenue laws and who knows that the document, if so used, would result in an understatement of another person's tax liability. 26 U.S.C. § 6701(a).

These notices, FOIA requests and letters Baxley sent to the IRS between August 2000 and October 2003 interfered with the administration of the Internal Revenue Code by asking for frivolous or nonexistent documents, instructing targets of IRS summonses not to comply with the summonses, and setting forth meritless arguments for the proposition that ARL members need not pay federal income taxes and that the IRS does not have the authority to collect federal income taxes.  Baxley further interfered with the administration of the Internal Revenue Code by preventing meetings with IRS officers, and instructing ARL members not to respond to IRS officers' questions.

On October 24, 2003, United States Administrative Law Judge William B. Moran entered an order barring Mr. Baxley from practicing before the IRS.  Baxley's membership in the Florida Bar became inactive on September 1, 2005 due to his failure to complete the necessary Continuing Legal Education requirements.

Based on Baxley's conduct between 2000 and 2003, the Court entered its preliminary injunction on December 29, 2003 enjoining Baxley, in part, from preparing or assisting in the preparation of various documents, including correspondence to the IRS on behalf of any other person or entity.  At trial, the Government produced evidence that between October 27, 2003 and November 4, 2005, Baxley drafted, signed, and sent to the IRS at least one letter on behalf of a personal client.  During this time, Baxley also either participated in the preparation of other letters to the IRS, or drafted and sent letters to the

IRS without his signature.[2]  These letters contained the same frivolous and meritless arguments as his prior correspondence on behalf of ARL:  that the IRS has no authority to collect federal income taxes or request tax-related information, and that Baxley's personal clients are not required to pay federal income taxes.[3]

The Court is not convinced by Baxley's explanation as to why he continued to send false and frivolous letters to the IRS after the Court's December 29, 2003 preliminary injunction.  Baxley testified that he interpreted the preliminary injunction to only refer to his actions that were done through or on behalf of ARL, and that it did not apply to his own private practice and his own personal clients.  Such an interpretation is in conflict with the plain language of the preliminary injunction itself and the Court further doubts its reasonableness given that Baxley himself is a licenced and trained practicing attorney.  Thus it is clear that Baxley has continued to violate the Court's December 29, 2003 preliminary injunction and continued to interfere with the administration of the Internal

---

[2] See United States' Exhibits 61-92.

[3] Baxley objected to the introduction of these letters (Exhibits 88-92) into evidence because they were not listed in the Joint Pretrial Statement (Doc. 167) approved at the Pretrial Conference on November 22, 2005 (Doc. 171).  However, these letters were not produced by Baxley.  He also did not respond to either the United States' earlier timely discovery requests for production, or the Court's November 18, 2005 order compelling Baxley to respond to these and other discovery requests (Doc. 170).  The United States, therefore, did not learn of the nature of these letters, and particularly of Baxley's authorship and/or participation in the drafting of these letters, until November 23, 2005, the day after the Pretrial Conference.  The United States immediately added these letters to its exhibit list thereafter, and provided copies to Baxley.  The fact that these letters were not included on the United States' exhibit list until after the Pretrial Conference is therefore due entirely to Baxley's refusal to comply with the rules of discovery and this Court's Order.  Any objections by Baxley as to their admissibility on the grounds of timeliness are therefore overruled.

Revenue Code.  Absent a permanent injunction it is unlikely that Baxley will stop his interference with the administration of the internal revenue laws.[4]

## Conclusions of Law

Based on these findings the Court concludes that Milton H. Baxley, II has been and continues to engage in conduct subject to penalty under 26 U.S.C. § 6701[5] and in conduct interfering with the administration of the internal revenue laws. Accordingly, the Court finds that Baxley should be permanently enjoined under 26 U.S.C. § § 7402(a) and 7408(a).

The Court concludes that the United States has presented persuasive evidence that the United States and the public will suffer irreparable harm in the absence of this permanent injunction and that Baxley will suffer little, if any, harm if the permanent

---

[4]The United States has also filed a motion seeking sanctions against Baxley for his refusal to comply with the Court's November 18, 2005 order compelling discovery responses.  In particular, the United States requests that the Court deem as admitted numerous facts concerning his actions since December 2003.  The Court finds that while Baxley's conduct clearly violated the rules of discovery as well as this Court's order, the requested sanction is not necessary.  The Court has already overruled Baxley's objections to the use of the exhibits at issue, and allowed their admission into evidence.  The Court also finds ample evidence demonstrating Baxley's continued violation of the Court's preliminary injunction, and that the United States has met its burden to obtain a permanent injunction without unilaterally admitting the facts in question.  Moreover, a criminal proceeding is pending in the Jacksonville Division against Baxley, Case No. 5:06-cr-12-Oc-33GRJ, charging him with violation of the Court's December 29, 2003 preliminary injunction, and which will necessarily involve a resolution of the same factual issues the United States now seeks the Court to deem as admitted.  These factual issues are best left to be resolved in the criminal proceedings, before a jury.

[5]Although the Court finds evidence that Baxley has violated 26 U.S.C. § 6701, which deals with the preparation of document(s) used in connection with a material matter arising under the Internal Revenue Code, and which result in the understatement of another's tax liability; the United States did not present sufficient evidence at trial that Baxley engaged in conduct subject to penalty under 26 U.S.C. § 6700.

injunction is granted. The United States has presented argument and evidence demonstrating its success on the merits and Baxley's arguments as to why he violated the preliminary injunction are without merit. Finally, the evidence shows that absent this permanent injunction, Baxley will continue to violate 26 U.S.C. § 6701 and interfere with the administration of internal revenue laws. Accordingly, the Court concludes that a permanent injunction under 26 U.S.C. § § 7402(a) and 7408(a) is necessary and appropriate for the administration of the internal revenue laws.

## **ORDER**

The Court ORDERS and DECREES pursuant to 26 U.S.C. § § 7402(a) and 7408(a) that Defendant Milton H. Baxley, II, personally and his agents, servants, employees, attorneys, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise are herby permanently enjoined, directly or indirectly from:

> 1. Preparing or assisting in the preparation of correspondence to the IRS on behalf of any other person or entity;
>
> 2. Preparing or assisting in the preparation of UCC forms purporting to give the customer a security interest in his or herself, own name, own birth certificate or own property;
>
> 3. Preparing or assisting in the preparation of complaints to the Treasury Inspector General for Tax Administration;
>
> 4. Preparing or assisting in the preparation of FOIA and Privacy Act requests on behalf of any other person or entity;
>
> 5. Representing any other person or entity before the IRS;

      6.    Preparing or assisting in the preparation of documents purporting to "decode" IRS files;

      7.    Falsely advising anyone that they are not required to file federal income tax returns or pay federal taxes;

      8.    Engaging in other similar conduct that substantially interferes with the administration and enforcement of the internal revenue laws and/or is subject to penalty under 26 U.S.C. § 6701.

The United States' Motion for Sanctions (Doc. 182) is DENIED AS MOOT.

The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 18th day of July, 2006.

                                                                           *[signature]*

                                                                      **UNITED STATES DISTRICT JUDGE**

Copies to:   Counsel of Record
                 Hon. Virginia M. Hernandez Covington
                 Milton H. Baxley, II, *pro se*